UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
TA-TANNISHA BROWN, STUART C. BUTTON,     :
GUILLERMO COHAGUILA, DANIEL FOLEY,       :
FRANK NUNNARI, KANDY PIERRE, and         :
JOHN ROUGHAN,                            :
 and others similarly situated,          :
                                         :
                     Plaintiffs,         :
                                         :
          v.                             :
                                         :
G.V.P. CATERERS, INC., doing business    :
as EL CARIBE COUNTRY CLUB CATERERS,      :
PHILIP C. KELLY, and RALPH NOTARO,       :
                                         :
                     Defendants.   : <u>JURY TRIAL DEMANDED</u>
----------------------------------------x
<u>COMPLAINT</u>

<u>Identity of the Parties</u>

1.    Plaintiff Ta-Tannisha Brown is an individual residing at 1681 Watson Avenue, Bronx, NY 10472.

2.    Plaintiff Stuart C. Button is an individual residing at 2301 East 219 Street, Brooklyn, NY 11229.

3.    Plaintiff Guillermo Cohaguila is an individual residing at 99-60 63d Road, Rego Park, NY 11374.

4.    Plaintiff Daniel Foley is an individual residing at 1880 Batchelder Street, Brooklyn, NY 11229.

5.    Plaintiff Frank Nunnari is an individual residing at 2017 63d Street, Brooklyn, NY 11204.

6.    Plaintiff Kandy Pierre is an individual residing at 661 Schenck Avenue, Brooklyn, NY 11207.

7.    Plaintiff John Roughan is an individual residing at 1938 64th Street, Brooklyn, NY 11204.

8.    Defendant G.V.P. Caterers, Inc., is a NY corporation doing business as, and owns and operates, El Caribe Country Club

Caterers, 5945 Strickland Avenue, Mill Basin, Brooklyn, NY 11234 ("El Caribe").

9.    El Caribe has more than 30 years of experience in catering elegant, upscale banquets in its facility, through two generations of family ownership.

10.   At all times material, defendants Philip C. Kelly and Ralph Notaro were Executive Directors of El Caribe, with an address at 5945 Strickland Avenue, Brooklyn.  At all times material, Mr. Kelly was the Chief Executive Officer of G.V.P. Caterers, Inc.

<u>Jurisdiction</u>

11.   This court has jurisdiction over Fair Labor Standards Act claims, pursuant to 28 USC § 1331 and 29 USC § 216(b).

12.   This court has jurisdiction over claims under New York Labor Law, pursuant to 28 USC § 1367(a), providing jurisdiction over state law claims involving the same case or controversy as a federal question claim.

13.   Venue is proper in the Eastern District of New York pursuant to 28 USC § 1391, because El Caribe is located in this district and all of the events giving rise to this action took place in this district.

Background

14.   Ta-Tannisha Brown was employed as a bartender at El Caribe from June 2012 to January 2013.

15.   Stuart Button was employed as a bartender at El Caribe from March 2011 to December 2012.

16.   Guillermo Cohaguila was employed as a bartender at El Caribe from August 2012 to January 2013.

17.   Daniel Foley was employed as a bartender at El Caribe from March 2012 to July 2012.

18.   Frank Nunnari was employed as a bartender at El Caribe from April 2011 to April 2012.

19.   Kandy Pierre was employed as a server at El Caribe from June 2012 to November 2012.

20.   John Roughan was employed as a bartender at El Caribe from June 2007 to October 2012.

21.   At all times material, defendants were "employers" within the meaning of both the Fair Labor Standards Act and New York Labor Law.

22.   During the course of plaintiffs' respective employments at El Caribe, defendants failed to: pay minimum wages; pay overtime; pay "spread of hours;" share gratuities, tips, or service charges; and, provide meal time.

23.   As more fully alleged below, after January 1, 2011, defendants failed to comply with 12 NYCRR § 146-2.19, regulating administrative charges not purported to be a gratuity or tip.

24.   Servers were paid hourly rates at the prevailing

-3-

minimum wage.  Servers did not receive tips.

25.  Bartenders were paid $65 per shift, regardless how long the shift was.  Most bartending shifts were more than 9 hours, some as many as 13 hours.  Sometimes bartenders worked two shifts, but were paid for only 1.5 shifts.  Sometimes bartenders were not paid at all for shifts they worked.  When plaintiffs informed defendants about this, defendants said it would be made up to them, but it was not.

26.  Plaintiffs were often required to work after they had clocked out, including to clean up or set up for the next day, work for which they were not paid.

27.  Plaintiffs sometimes worked more than 40 hours a week, including during the holiday period (mid-November through mid-January), and during the wedding season each spring, for which plaintiffs were not paid overtime compensation.

28.  Plaintiffs were not paid for work when customers, during an event, decided to "extend" the time, usually by an hour or hour and a half, of their respective events.

29.  Plaintiffs often were at El Caribe for 10 hours or more on a work day, entitling them to an extra hour of "spread of hours" pay, for which they should have been, but were not, paid.

30.  Plaintiffs did not always receive tips from defendants which had been given by customers.  When such tips were given to plaintiffs, it was at the discretion of defendants, who did not say how they calculated the tips given to plaintiffs.  Tips were received and retained by defendants, who are not employees who

-4-

regularly receive tips within the meaning of New York Labor Law.

31.  The following factual contention will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, within the meaning of Rule 11(b)(3), F.R.Civ.P.  Defendants added gratuities, tips, or service charges to the price of El Caribe events, but employees who worked such events did not receive such gratuities, tips, or charges.

<u>FLSA Collective Action</u>

32.  Plaintiffs incorporate ¶¶ 1-31 herein as if set forth fully at length.

33.  Plaintiffs bring Counts One and Two as a collective action, pursuant to 29 USC § 216(b), on behalf of all bartenders and servers employed by defendants within the applicable statute of limitations to date of judgment ("collective members").

34.  At all relevant times, plaintiffs and collective members have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, of willfully failing and refusing to pay minimum wages and overtime compensation for hours worked in excess of 40 hours per week, as alleged herein. The FLSA claims of plaintiffs are essentially the same as those of the collective members.

35.  Collective members are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from defendants.

Notice can be provided to collective members via first-class mail to their last addresses known to defendants.

Count One - FLSA - minimum wage

36.   Plaintiffs incorporate ¶¶ 1-35 herein as if fully set forth at length.

37.   At all relevant times, pursuant to 29 USC § 203(d), plaintiffs were "employees" within the meaning of the FLSA.

38.   Plaintiffs were hourly-paid, non-managerial employees of El Caribe, subject to the minimum wage provisions of 29 USC § 206(a)(1).  As of July 24, 2009, § 206(a)(1) established a minimum hourly wage in the United States of $7.25.

39.   At all relevant times, pursuant to 29 USC § 203(d), defendants were "employers" within the meaning of the FLSA, as persons "acting directly or indirectly in the interest of an employer in relation to an employee."

40.   G.V.P. Caterers, Inc., was and is an employer subject to the FLSA as an enterprise with employees engaged in commerce and an annual gross volume of sales made or business done of not less than $500,000.

41.   Philip Kelly and Ralph Notaro were and are employers subject to the FLSA "acting directly or indirectly in the interest" of El Caribe, including that they: supervised and controlled work conditions of all El Caribe employees, with authority to hire and fire them; determined employee wages and whether employees received tips, gratuities, and service charges; decided whether to "extend" the duration of events; maintained

employee records; and, met with customers, negotiated contracts, and set prices of events.

42.  Bartenders were paid a flat rate of $65 per shift, regardless how long the shift was.  If a shift was exactly 8.5 hours, plaintiffs were paid minimum wage.  If a shift was longer than 8.5 hours, plaintiffs were not paid minimum wage.  Sometimes bartenders worked two shifts, but were paid for only 1.5 shifts. Sometimes bartenders were not paid at all for shifts they worked.

43.  Bartenders who worked shifts lasting more than 8.5 hours, who worked two shifts but were only paid for 1.5 shifts, and who were not paid at all for shifts worked, were not paid minimum wage, in violation of 29 USC § 206(a)(1).

44.  Plaintiffs were often required to work after they had clocked out, including to clean up or set up for the next day, work for which they were not paid, in violation of the FLSA.

<u>Count Two - FLSA - overtime</u>

45.  Plaintiffs incorporate ¶¶ 1-44 herein as if fully set forth at length.

46.  29 USC § 207(a)(1) provides that no employer shall employ any of his employees who in any workweek, for a workweek longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed.

47.  At all relevant times, defendants compelled plaintiffs to work a workweek longer than 40 hours without paying them compensation at a rate at least one and one-half times their

-7-

regular rate, in violation of 29 USC § 207(a)(1).

<u>Count Three - NY Labor Law - unpaid wages</u>

48.  Plaintiffs incorporate ¶¶ 1-47 herein as if fully set forth at length.

49.  At all relevant times, plaintiffs were "employees" within the meaning of New York Labor Law § 651(5).

50.  At all relevant times, each defendant was an "employer" within the meaning of New York Labor Law §§ 190(3) and 651(6) and therefore subject to the Labor Law's requirements.  The facts in ¶ 41 above also support employer status of Mr. Kelly and Mr. Notaro under New York Labor Law.

51.  12 NYCRR § 146-1.1(a) requires employers to pay their employees at least minimum wage for all time worked.

52.  As alleged above, defendants failed to pay plaintiffs minimum wage for all the time they worked, including unpaid bartender shifts, and unpaid time plaintiffs worked after they had clocked out on shifts, in violation of New York Labor Law.

<u>Count Four - NY Labor Law - overtime</u>

53.  Plaintiffs incorporate ¶¶ 1-52 herein as if fully set forth at length.

54.  12 NYCRR § 146-1.4 requires employers to pay employees who work in excess of 40 hours in one work week at a wage rate 1 ½ times the employee's regular rate.

55.  As alleged above, defendants failed to pay plaintiffs overtime compensation when they worked in excess of 40 hours per week, in violation of 12 NYCRR § 146-1.4.

-8-

Count Five - NY Labor Law - "spread of hours"

56.  Plaintiffs incorporate ¶¶ 1-55 herein as if fully set forth at length.

57.  12 NYCRR § 142-2.4(a) provides "(a)n employee shall receive one hour's pay at the minimum hourly wage rate, in addition to the minimum wage required by 'this part for any day in which: (a) the spread of hours exceeds 10 hours ...."  12 NYCRR § 142-2.18 defines "spread of hours" as "the interval between the beginning and end of an employee's workday.  The spread of hours includes working time plus time off for meals plus intervals off duty."

58.  12 NYCRR § 137-1.7 provides that "an employee shall receive one hour's pay at the basic minimum hourly wage rate before allowances in addition to the minimum wages otherwise required in this Part."  Employees entitled to spread of hours pay must be paid one hour's pay at the minimum wage rate to satisfy the spread of hours requirements, regardless whether such employee receives a tip or any other form of allowance.

59.  Pursuant to 12 NYCRR § 146-1.6, "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

60.  Defendants failed to pay plaintiffs spread of hours compensation for each day they were at work in excess of 10 hours, in violation of 12 NYCRR § 142-2.4(a).

-9-

<u>Count Six - NY Labor Law - gratuities</u>

61.  Plaintiffs incorporate ¶¶ 1-60 herein as if fully set forth at length.

62.  New York Labor Law § 196-d prohibits an employer from demanding that its waitstaff employees share their gratuities with the employer.

> "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.  This provision shall not apply to the checking of hats, coats, or other apparel.  Nothing in this subdivision shall be construed as affecting allowances from the minimum wage for gratuities in the amount determined in accordance with the provisions of article nineteen of this chapter, nor as affecting practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees, not to the sharing of tips by a waiter with a busboy or similar employee."

63.  Plaintiffs were employees of El Caribe entitled to the protection of § 196-d.

64.  Plaintiffs did not always receive tips from defendants which had been given by customers.  When such tips were given to plaintiffs, it was at the discretion of defendants, who did not say how they calculated the tips given to plaintiffs, in violation of § 196-d.

65.  By compelling plaintiffs to share their gratuities with El Caribe and agents, defendants violated § 196-d.

-10-

Count Seven - NY Labor Law - administrative charges

66.   Plaintiffs incorporate ¶¶ 1-65 herein as if fully set forth at length.

67.   Effective January 1, 2011, the hospitality industry, including defendants, was required to comply with 12 NYCRR § 146-2.19, regulating administrative charges not purported to be a gratuity or tip.

"(a) A charge for the administration of a banquet, special function, or package deal shall be clearly identified as such and customers shall be notified that the charge is not a gratuity or tip.

"(b) The employer has the burden of demonstrating, by clear and convincing evidence, that the notification was sufficient to ensure that a reasonable customer would understand that such charge was not purported to be a gratuity.

"(c) Adequate notification shall include a statement in the contract or agreement with the customer, and on any menu and bill listing prices, that the administrative charge is for administration of the banquet, special function, or package deal, is not purported to be a gratuity, and will not be distributed as gratuities to the employees who provided service to the guests.  The statements shall use ordinary language readily understood and shall appear in a font size similar to surrounding text, but no smaller than a 12-point font.

"(d) A combination charge, part of which is for the administration of a banquet, special function or package deal and part of which is to be distributed as gratuities to the employees who provided service to the guests, must be broken down into specific percentages or portions, in writing to the customer, in accordance with the standards for adequate notification in subdivision (c) of this Section.  The portion of the combination charge which will not be distributed as gratuities to the employees who provided service to the guests shall be covered by subdivisions (a), (b), and (c) of this Section."

68.   The following factual contentions will likely have evidentiary support after a reasonable opportunity for further

-11-

investigation or discovery, within the meaning of Rule 11(b)(3), F.R.Civ.P.

69.  As required by § 146-2.19(a), defendants failed to identify clearly and notify El Caribe customers, that charges for the administration of banquets, special functions, or package deals were not gratuities or tips.

70.  As required by § 146-2.19(b) and (c), defendants will be unable to demonstrate that the notification was sufficient to ensure that a reasonable customer would understand that such charge was not purported to be a gratuity or tip.

71.  As required by § 146-2.19(d), with respect to any combination charge, part of which was for the administration of a banquet, special function, or package deal, and part of which was to be distributed as gratuities to the employees who provided service to the guests, defendants failed to break down such charge into specific percentages or portions, in writing to the customer, in accordance with the standards for adequate notification of (c) above.

72.  If defendants demonstrate compliance with the notice requirement, and customers left tips for servers and bartenders, then defendants are liable under New York Labor Law § 196-d for failing to give those tips to servers and bartenders.

73.  If defendants failed to provide the notice to customers required by § 146-2.19, defendants are liable to plaintiffs for amounts charged to customers and received by defendants, but not given to plaintiffs.

<u>Count Eight - NY Labor Law - meal time</u>

74.   Plaintiffs incorporate ¶¶ 1-73 herein as if fully set forth at length.

75.   Under New York Labor Law § 162, every employee in connection with an occupation coming under the provisions of this chapter shall be allowed at least 30 minutes for the noonday meal.  The noonday meal period is recognized as extending from 11:00 a.m. to 2:00 p.m.  An employee who works a shift of more than six hours, which extends over the noonday meal period, is entitled to at least 30 minutes off within that period for the meal period.

76.   Under § 162, every employee working a period or shift starting before 11:00 a.m. and continuing later than 7:00 p.m. shall be allowed an additional meal period of at least twenty minutes between 5:00 - 7:00 in the evening.

77.   Under § 162, every person employed for a period or shift of more than six hours starting between 1:00 p.m. and 6:00 a.m. shall be allowed at least 45 minutes for a meal period when employed in or in connection with other establishment or occupation coming under the provision of this chapter, at a time midway between the beginning and end of such employment.

78.   At all times material, defendants did not provide plaintiffs with the time for meals as required by § 162, and were thereby in violation of § 162.

-13-

## Request for relief

79.   Actions of defendants in failing to comply with the FLSA and New York Labor Law were willful.

80.   Pursuant to 29 USC § 216(b), plaintiffs and collective members are entitled to damages for unpaid wages and unpaid overtime compensation, plus an additional amount equal to their damages as liquidated damages, as well as prejudgment interest, attorneys fees, costs, and other compensation and relief available under § 216(b).

81.   Pursuant to New York Labor Law § 198(1), in any action instituted upon a wage claim by an employee in which the employee prevails, the court may allow such employee in addition to ordinary costs, a reasonable sum, not exceeding fifty dollars for expenses which may be taxed as costs.

82.   Pursuant to New York Labor Law § 198(1-a), in any action instituted upon a wage claim by an employee in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorneys fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to 100% of the total amount of the wages found to be due.

83.   Plaintiffs and collective members are entitled to the gratuities, tips, or services charges they were compelled to share with El Caribe and agents, and which they did not receive, in violation of Labor Law § 196-d, with interest thereon.

-14-

WHEREFORE, plaintiffs and collective members demand judgment in their favor and against all defendants, awarding:

1.    Damages for unpaid minimum wage compensation plus equal amounts as liquidated damages.

2.    Damages for unpaid overtime compensation plus equal amounts as liquidated damages.

3.    Damages for unpaid spread-of-hours compensation plus equal amounts as liquidated damages.

4.    Damages for unpaid time, gratuities, tips, or service or administrative charges.

5.    Damages for loss of meal times.

6.    Pre-judgment interest, attorneys fees, litigation costs, and such other relief as the court finds appropriate.

/s/ *Michael S. Fettner*
Michael S. Fettner: MF4942
LYMAN & ASH
1612 Latimer Street
Philadelphia, PA 19103
Tel. 215-732-7040
Fax. 215-732-2496
michael@lymanash.com

Counsel for Plaintiffs

Of counsel:

Cletus P. Lyman
Michael T. Sweeney
LYMAN & ASH
1612 Latimer Street
Philadelphia, PA 19103
cletus@lymanash.com
mts@lymanash.com