UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TA-TANNISHA BROWN, STUART C. BUTTON, GUILLERMO COHAGUILA, DANIEL FOLEY, FRANK NUNNARI, KANDY PIERRE, and JOHN ROUGHAN, and others similarly situated,

               Plaintiffs,

-against-

G.V.P. CATERERS, INC., doing business as EL CARIBE COUNTRY CLUB CATERERS, PHILIP C. KELLY, and RALPH NOTARO,

               Defendants.

Case No.: 13-CIV-6188

**ANSWER TO PLAINTIFFS' COMPLAINT BY G.V.P. CATERERS, INC., PHILIP KELLY, AND RALPH NOTARO**

---

       G.V.P. Caterers, Inc. (doing business as El Caribe Country Club Caterers), Philip C. Kelly, and Ralph Notaro (collectively "Defendants"), by their undersigned counsel, Proskauer Rose LLP, state in their Answer to the Complaint of individual plaintiffs Ta-Tannisha Brown, Stuart C. Button, Guillerma Cohaguila, Daniel Foley, Frank Nunnari, Kandy Pierre, and John Roughan ("Plaintiffs") as follows below:

       1.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

       2.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

       3.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

       4.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint except to admit that Philip C. Kelly and Ralph Notaro were Executive Directors of El Caribe during the relevant time period.

## AS TO JURISDICTION

11. The allegations contained in paragraph 11 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 11 of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court.

12. The allegations contained in paragraph 12 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 12 of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court.

13. The allegations contained in paragraph 13 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 13 of the Complaint, except admit that Plaintiffs purport to establish the venue of the Court.

## AS TO BACKGROUND

14. Defendants deny the allegations contained in paragraph 14 of the Complaint, except aver that Plaintiff Ta-Tannisha Brown was employed by El Caribe at some point during the relevant time period.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, except aver that Plaintiff Stuart C. Button was employed by El Caribe at some point during the relevant time period.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint, except aver that Plaintiff Guillermo Cohaguila was employed by El Caribe at some point during the relevant time period.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint, except aver that Plaintiff Daniel Foley was employed by El Caribe at some point during the relevant time period.

18. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint, except aver that Plaintiff Kandy Pierre was employed by El Caribe at some point during the relevant time period.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint, except aver that Plaintiff John Roughan was employed by El Caribe at some point during the relevant time period.

21. The allegations contained in paragraph 21 of the Complaint constitute a legal conclusion that does not require a response.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint, except aver that servers were paid at the prevailing minimum wage for all hours worked.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

### AS TO THE FLSA COLLECTIVE ACTION

32. Defendants repeat and reallege each and every answer made in the foregoing paragraphs, 1 through 31, of the Answer as if fully set forth herein.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint, except admit that Plaintiffs seek relief under the statutes and laws referenced in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

### AS TO COUNT ONE
### (FLSA – Minimum Wage)

36. Defendants repeat and reallege each and every answer made in the foregoing paragraphs, 1 through 35, of the Answer as if fully set forth herein.

37. The allegations contained in paragraph 37 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 37 of the Complaint, except admit that the individual Plaintiffs, except Frank Nunnari, were employed by El Caribe at various times throughout the relevant time period.  With regard to Frank Nunnari, Defendants deny knowledge and information

5

sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. The allegations contained in paragraph 38 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 38 of the Complaint, except admit that the individual Plaintiffs, except Frank Nunnari, were employed by El Caribe at various times throughout the relevant time period. With regard to Frank Nunnari, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. The allegations contained in paragraph 40 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 40 of the Complaint, except admit that El Caribe has an annual volume of sales not less than $500,000.

41. The allegations contained in paragraph 41 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 41 of the Complaint, except admit that individual defendants Ralph Notaro and Philip Kelly exercised management authority over El Caribe's servers and bartenders throughout the relevant time period.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

## AS TO COUNT TWO
### (FLSA – Overtime)

45. Defendants repeat and reallege each and every answer made in the foregoing paragraphs, 1 through 44, of the Answer as if fully set forth herein.

46. The allegations contained in paragraph 46 of the Complaint constitute a legal conclusion that does not require a response.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

## AS TO COUNT THREE
### (New York Labor Law – Unpaid Wages)

48. Defendants repeat and reallege each and every answer made in the foregoing paragraphs, 1 through 47, of the Answer as if fully set forth herein.

49. The allegations contained in paragraph 49 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 49 of the Complaint, except admit that the individual Plaintiffs, except Frank Nunnari, were employed by El Caribe at various times throughout the relevant time period.  With regard to Frank Nunnari, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. The allegations contained in paragraph 50 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint constitute a legal conclusion that does not require a response.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

## AS TO COUNT FOUR
### (New York Labor Law – Overtime)

53. Defendants repeat and reallege each and every answer made in the foregoing paragraphs, 1 through 52, of the Answer as if fully set forth herein.

54. The allegations contained in paragraph 54 of the Complaint constitute a legal conclusion that does not require a response.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

## AS TO COUNT FIVE
### (New York Labor Law Spread of Hours)

56. Defendants repeat and reallege each and every answer made in the foregoing paragraphs, 1 through 55, of the Answer as if fully set forth herein.

57. The allegations contained in paragraph 57 of the Complaint constitute a legal conclusion that does not require a response.

58. The allegations contained in paragraph 58 of the Complaint constitute a legal conclusion that does not require a response.

59. The allegations contained in paragraph 59 of the Complaint constitute a legal conclusion that does not require a response.

60. The allegations contained in paragraph 60 of the Complaint constitute a legal conclusion that does not require a response. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and further state that they are currently investigating the allegations contained therein.

## AS TO COUNT SIX
### (New York Labor Law – Gratuities)

61. Defendants repeat and reallege each and every answer made in the foregoing paragraphs, 1 through 60, of the Answer as if fully set forth herein.

62. The allegations contained in paragraph 62 of the Complaint constitute a legal conclusion that does not require a response.

63. The allegations contained in paragraph 63 of the Complaint constitute a legal conclusion that does not require a response.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

## AS TO COUNT SEVEN
### (New York Labor Law - Administrative Charges)

66. Defendants repeat and reallege each and every answer made in the foregoing paragraphs, 1 through 65, of the Answer as if fully set forth herein.

67. The allegations contained in paragraph 67 of the Complaint constitute a legal conclusion that does not require a response.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

### AS TO COUNT EIGHT
**(New York Labor Law – Meal Breaks)**

74. Defendants repeat and reallege each and every answer made in the foregoing paragraphs, 1 through 73, of the Answer as if fully set forth herein.

75. The allegations contained in paragraph 75 of the Complaint constitute a legal conclusion that does not require a response.

76. The allegations contained in paragraph 76 of the Complaint constitute a legal conclusion that does not require a response.

77. The allegations contained in paragraph 77 of the Complaint constitute a legal conclusion that does not require a response.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

## AS TO THE REQUEST FOR RELIEF

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. The allegations contained in paragraph 81 of the Complaint constitute a legal conclusion that does not require a response.

82. The allegations contained in paragraph 82 of the Complaint constitute a legal conclusion that does not require a response.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations and claims for relief contained in all subsections 1 through 6 of the "WHEREFORE" paragraph that follows paragraph 83 of the Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought can be awarded.

**SECOND AFFIRMATIVE DEFENSE**

2. Subject to proof through discovery, plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

**THIRD AFFIRMATIVE DEFENSE**

3. If Defendants are found to have failed to pay the named plaintiffs or any purported member of the class action as alleged in the Complaint any amount due, which Defendants deny, Defendants acted at all times on the basis of good faith and reasonable belief that their actions were in compliance and conformity with all applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations, and therefore Defendants' actions were not willful or in reckless disregard of the Fair Labor Standards Act ("FLSA") or New York Labor Laws. Accordingly, the individually named plaintiffs and/or any putative class action members are not entitled to liquidated damages under the FLSA or New York Labor Law.

**FOURTH AFFIRMATIVE DEFENSE**

4. The named Plaintiffs fail to satisfy the prerequisites for class certification and, therefore, lack standing and cannot represent the interests of others as to each of the purported causes of action.

**FIFTH AFFIRMATIVE DEFENSE**

5. Named plaintiffs' claims, the existence of which is expressly denied, are barred by the doctrines of laches, unclean hands, waiver and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

6. If Defendants are found to have failed to pay the named plaintiffs any amount due, which Defendants deny, Defendants are entitled under the equitable doctrine(s) of

setoff and recoupment to offset overpayments to Plaintiffs or any putative member of the collective/class action against any judgment.

### SEVENTH AFFIRMATIVE DEFENSE

7. The types of claims alleged by Plaintiffs, the existence of which are expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for a collective action pursuant to Section 216(b) of the FLSA or a class action pursuant to Rule 23 of the Fed. R. Civ. P.

### EIGHTH AFFIRMATIVE DEFENSE

8. There is no class of persons similarly situated to the Plaintiffs and therefore this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA and/or as a class action pursuant to Rule 23 of the Fed. R. Civ. P.

### NINTH AFFIRMATIVE DEFENSE

9. Named plaintiffs and/or the putative collective/class action members have received full payment for all work performed, thereby barring their claims by, among other things, the doctrines of release and payment, and accord and satisfaction.

### TENTH AFFIRMATIVE DEFENSE

10. Named plaintiffs and/or the putative collective/class action members' claims are barred because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendants. All Plaintiffs have been fully compensated for all time worked.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs' Complaint, including their request for penalties under New York Labor Law § 218, is barred, in whole or in part, because there is no private right of action to enforce Labor Law § 218.

## TWELFTH  AFFIRMATIVE DEFENSE

12. If this Court were to certify this action as a class action, any award of liquidated, multiple, or punitive damages would deny Defendants the due process of law.

## RESERVATION OF RIGHTS

13. Defendants reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change its Answer and Affirmative Defenses upon completion of appropriate investigation and discovery.

**WHEREFORE**, Defendants respectfully requests that this Court: (a) dismiss the Complaint in its entirety, with prejudice; (b) deny each and every request for relief set forth in the Complaint; (c) award Defendants their reasonable attorneys' fees and legal expenses; (d) award Defendants their costs and disbursements incurred in defense of this action; and (e) award Defendants any other relief the Court deems just and proper.

| | |
|---|---|
| Dated: January 13, 2013<br>Newark, New Jersey | PROSKAUER ROSE LLP<br><br>  /s/ *Joseph C. O'Keefe*  <br>Joseph C. O'Keefe<br>Carolyn M. Dellatore<br>One Newark Center, 18th Floor<br>Newark, NJ  07102-5211<br>Telephone 973.274.3200<br>Fax 973.274.3299<br>jokeefe@proskauer.com<br>cdellatore@proskauer.com<br>*Attorneys for Defendants* |